UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

**RECEIVED**

JUN 22 2026

USDC CLERK
CHARLESTON, SC

| | |
|---|---|
| **MARY LOUISE WOLFE, Plaintiff,**<br>**v. T-MOBILE USA, INC.,**<br>**Defendant.** | **Civil Action No.:** 2:26-cv-02459-BHH-PJG<br>_____ **COMPLAINT**<br>**FOR VIOLATIONS OF THE**<br>**AMERICANS WITH**<br>**DISABILITIES ACT; DEMAND**<br>**FOR JURY TRIAL** |

## INTRODUCTION

1.Plaintiff Mary Louise Wolfe ("Plaintiff"), US Military Veteran, proceeding pro se, brings this action against Defendant T-Mobile USA, Inc. ( "Defendant" or "T -Mobile"), a Delaware corporation doing business in the State of South Carolina, for violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 _et seq._ ("ADA"). Plaintiff seeks redress for disability discrimination, failure to provide reasonable accommodation, retaliation, hostile work environment, interference with protected rights, and a declaratory judgment regarding the enforceability of any purported arbitration agreement with respect to these statutory civil rights claims. Plaintiff respectfully requests that this Court grant the relief set forth herein.

## PARTIES

2.Plaintiff Mary Louise Wolfe is a natural person and resident of Goose Creek, South Carolina, with an address of 143 Hawthorne Landing Drive, Goose Creek, South Carolina 29445. Plaintiff proceeds pro se in this action.

3.Defendant T-Mobile USA, Inc. is a corporation incorporated under the laws of the State of Delaware, authorized to do and doing business in the State of South Carolina, and engaged in an industry affecting commerce within the meaning of the ADA. The Defendant's registered agent for service of process in South Carolina is Corporation Service Company, located at 508 Meeting Street, West Columbia, South Carolina 29169.

## JURISDICTION AND VENUE

4.This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*

5.This Court also has jurisdiction pursuant to 42 U.S.C. § 12117(a), which incorporates the enforcement powers, remedies, and procedures of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, and grants federal district courts jurisdiction over claims arising under the ADA.

6.Venue is proper in the United States District Court for the District of South Carolina, Charleston Division, pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices alleged herein were committed within this judicial district, and the employment events giving rise to this action occurred within this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.Prior to commencing this action, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), complaining of the discriminatory, retaliatory, and unlawful acts described herein, in accordance with the requirements of the ADA and Title VII of the Civil Rights Act of 1964, as amended.

8.The EEOC issued a Notice of Right to Sue to Plaintiff, authorizing Plaintiff to institute this civil action. This Complaint is filed within ninety (90) days of Plaintiff's receipt of said Notice of Right to Sue. Plaintiff has satisfied all procedural and administrative prerequisites to the filing of this action.

## GENERAL FACTUAL ALLEGATIONS

9.Plaintiff is a qualified individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102. Plaintiff has a physical and/or mental impairment that substantially limits one or more major life activities, has a record of such an impairment, and/or was regarded by Defendant as having such an impairment.

10.Defendant T-Mobile USA, Inc. is a covered employer within the meaning of the ADA, 42 U.S.C. § 12111(5), in that it employs fifteen (15) or more employees and is engaged in an industry affecting commerce.

11.Plaintiff is employed by Defendant within the District of South Carolina and, at all relevant times, was a qualified individual with a disability who, with reasonable accommodation, could perform the essential functions of   the position she has with Defendant.

12.During Plaintiff's employment with Defendant, Defendant was aware, or should have been aware, of Plaintiff's disability and her need for reasonable accommodation.

13.Defendant, through its agents, supervisors, managers, and/or employees, subjected Plaintiff to discriminatory treatment, denied her reasonable accommodation, engaged in retaliatory conduct, maintained a hostile work environment related to her disability, and otherwise interfered with her rights under the ADA, all as more specifically set forth in the Counts below.

14.Defendant's discriminatory, retaliatory, and unlawful acts were willful, intentional, and undertaken with malice or reckless indifference to Plaintiff's federally protected rights.

## COUNT I

### ADA Disability Discrimination

### (42 U.S.C. § 12112(a))

15.Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 14 above as if fully stated herein.

16.The ADA prohibits covered employers from discriminating against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a).

17.Defendant is a covered employer within the meaning of 42 U.S.C. § 12111(5), employing fifteen (15) or more employees and engaged in an industry affecting commerce.

18. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. §§ 12102 and 12111(8), in that she has a physical and/or mental impairment that substantially limits one or more major life activities, and she can perform the essential functions of her position with reasonable accommodation.

19. Defendant discriminated against Plaintiff on the basis of her disability in the terms, conditions, and privileges of her employment, including but not limited to subjecting her to adverse employment actions and treating her less favorably than similarly situated employees without disabilities.

20. Defendant's discriminatory conduct was the direct and proximate cause of damages suffered by Plaintiff, including but not limited to lost wages, lost benefits, lost career opportunities, and emotional distress.

21. Defendant's actions were willful and undertaken with malice or reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to punitive damages.

## COUNT II

### Failure to Accommodate

### (42 U.S.C. § 12112(b)(5)(A))

22. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 21 above as if fully stated herein.

23. The ADA makes it unlawful for a covered employer to discriminate against a qualified individual with a disability by not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an employee, unless such covered

entity can demonstrate that the accommodation would impose an undue hardship on the operation of its business. 42 U.S.C. § 12112(b)(5)(A).

24. Plaintiff, a qualified individual with a disability, requested reasonable accommodation(s) from Defendant for her disability, of which Defendant had actual or constructive notice.

25. Defendant failed to engage in the interactive process required by the ADA in good faith with Plaintiff to identify and implement an effective reasonable accommodation.

26. Defendant failed and refused to provide Plaintiff with reasonable accommodation(s) for her disability, without demonstrating or establishing that providing such accommodation(s) would impose an undue hardship on the operation of Defendant's business.

27. Defendant's failure to accommodate was the direct and proximate cause of damages suffered by Plaintiff, including but not limited to lost wages, lost benefits, and emotional distress. Defendant's conduct was willful and undertaken with malice or reckless indifference to Plaintiff's federally protected rights.

## COUNT III

### Retaliation

### (42 U.S.C. § 12203(a))

28. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 27 above as if fully stated herein.

29. The ADA prohibits any person from discriminating against any individual because such individual has opposed any act or practice made unlawful by the

ADA, or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADA. 42 U.S.C. § 12203(a).

30.Plaintiff engaged in protected activity under the ADA, including but not limited to requesting reasonable accommodation for her disability and opposing discriminatory practices engaged in by Defendant that are unlawful under the ADA.

31.Following Plaintiff's protected activity, Defendant took materially adverse employment action(s) against Plaintiff. There is a causal connection between Plaintiff's protected activity and Defendant's adverse employment action(s).

32.Defendant's retaliatory conduct was the direct and proximate cause of damages suffered by Plaintiff, including but not limited to lost wages, lost benefits, lost career opportunities, and emotional distress. Defendant's retaliatory conduct was willful and undertaken with malice or reckless indifference to Plaintiff's federally protected rights.

## COUNT IV

### Hostile Work Environment

### (Americans with Disabilities Act)

33.Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 32 above as if fully stated herein.

34.The ADA prohibits the creation and maintenance of a hostile work environment based on an employee's disability. A hostile work environment exists where the harassment is sufficiently severe or pervasive to alter the

conditions of the victim's employment and create an abusive working environment.

35.Defendant, by and through its agents, supervisors, managers, and/or employees, subjected Plaintiff to harassment and discriminatory conduct related to her disability that was severe and/or pervasive, and that materially altered the terms, conditions, and privileges of Plaintiff's employment.

36.Defendant knew or should have known of the hostile and discriminatory conduct directed at Plaintiff because of her disability, and Defendant failed to take prompt, adequate, or remedial action to stop, prevent, or remedy such conduct.

37.The hostile work environment created and maintained by Defendant was the direct and proximate cause of damages suffered by Plaintiff, including but not limited to emotional distress, humiliation, loss of dignity, and harm to her professional reputation. Defendant's conduct was willful and undertaken with malice or reckless indifference to Plaintiff's federally protected rights.

## COUNT V

### Interference with ADA Rights

### (42 U.S.C. § 12203(b))

38.Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 37 above as if fully stated herein.

39.The ADA makes it unlawful for any person to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having

aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the ADA. 42 U.S.C. § 12203(b).

40. Plaintiff exercised and/or enjoyed rights granted and protected by the ADA, including but not limited to the right to seek and obtain reasonable accommodation for her disability and the right to be free from discrimination based on her disability.

41. Defendant coerced, intimidated, threatened, and/or interfered with Plaintiff's exercise and enjoyment of her rights under the ADA, by engaging in the conduct described herein, including but not limited to penalizing Plaintiff for asserting her rights, creating a climate of fear and intimidation surrounding the assertion of disability-related rights, and taking adverse action against Plaintiff to deter her from exercising her rights under the ADA.

42. Defendant's conduct in coercing, intimidating, threatening, and/or interfering with Plaintiff's ADA rights was the direct and proximate cause of damages suffered by Plaintiff. Defendant's conduct was willful and undertaken with malice or reckless indifference to Plaintiff's federally protected rights.

**COUNT VI**

**Declaratory Judgment Regarding Arbitration**

**(28 U.S.C. §§ 2201-2202)**

43. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 42 above as if fully stated herein.

44. This Court has authority pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to declare the rights and legal relations of the parties with respect to any actual controversy within its jurisdiction.

45. An actual and justiciable controversy exists between the parties as to whether any arbitration agreement purportedly entered into between Plaintiff and Defendant governs, applies to, or bars the pursuit of the ADA claims set forth in this Complaint.

46. To the extent that Defendant asserts or intends to assert that any arbitration clause or agreement requires Plaintiff to arbitrate her claims rather than litigate them in this Court, such arbitration clause or agreement is unenforceable and/or inapplicable as to these statutory civil rights claims on grounds including, but not limited to: lack of knowing and voluntary waiver of the right to a judicial forum for ADA claims; unconscionability; procedural and/or substantive infirmity; and the public policy of the United States as reflected in the ADA and applicable federal law.

47. 42 U.S.C. § 12212 —The ADA's own arbitration provision, which encourages but does not compel arbitration and does not extinguish your right to a federal judicial forum

48. Plaintiff seeks a declaratory judgment from this Court that any arbitration agreement purported to cover or govern these ADA claims is void, unenforceable, or inapplicable to the ADA claims brought herein, and that

Plaintiff is entitled to pursue all claims in this action before this Court, including her right to trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mary Louise Wolfe respectfully prays that this Court enter judgment in her favor and against Defendant T-Mobile USA, Inc., and grant the following relief:

(a)A declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, that Defendant's acts and omissions, as described herein, constitute violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.*;

(b)A permanent injunction enjoining Defendant, its officers, directors, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates against individuals on the basis of disability, from retaliating against employees who assert rights under the ADA, and requiring Defendant to adopt, implement, and enforce ADA-compliant policies, procedures, and training programs in its South Carolina operations;

(c)An award of compensatory damages in an amount to be determined at trial, including but not limited to: back pay and the value of lost employment benefits from the date of each discriminatory act to the date of judgment; front pay and the value of future lost employment benefits to the extent reinstatement is not feasible or practicable; and compensatory damages for emotional distress, pain and suffering, humiliation, and harm to personal and professional reputation, all in an amount to be proven at trial;

(d)An award of punitive damages against Defendant in an amount sufficient to punish Defendant for its willful, malicious, and recklessly indifferent conduct and to deter Defendant and others from engaging in similar discriminatory and retaliatory conduct in the future;

(e)An award of reasonable attorneys' fees and costs of suit, pursuant to 42 U.S.C. § 12205, to the extent Plaintiff retains counsel at any point in this litigation or is otherwise entitled to such fees;

(f)A declaratory judgment that any arbitration agreement purportedly applicable to these ADA claims is void, unenforceable, or inapplicable to the claims asserted herein;

(g)Pre-judgment and post-judgment interest at the maximum rate allowable by law; and

(h)Such other and further relief as this Court deems just, equitable, and proper.

## JURY DEMAND

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES AND CLAIMS SO TRIABLE IN THIS ACTION, PURSUANT TO RULE 38(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THE SEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

## RESPECTFULLY SUBMITTED

Dated:  6/22/2026

_Mary Louise Wolfe_

**Mary Louise Wolfe**

Pro Se Plaintiff

143 Hawthorne Landing Drive

Goose Creek, South Carolina 29445

Telephone: 843-321-6982

Email: marylouise.wolfe@outlook.com

## VERIFICATION

I, Mary Louise Wolfe, being the Plaintiff in the above-captioned matter, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Complaint and that the facts and allegations contained therein are true and correct to the best of my knowledge, information, and belief.

Executed on this __22__ day of __June__ , 20 __26__ , at Goose Creek, South Carolina.

---

**Mary Louise Wolfe**

Pro Se Plaintiff

143 Hawthorne Landing Drive

Goose Creek, South Carolina 29445

_Mary Louise Wolfe_

---